UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 8, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion for Default Judgment [69]**

Before the Court is an application for default judgment by Plaintiff Securities and Exchange Commission (the "SEC") against Defendants Equifunds, Inc. ("Equifunds") and Ice Fleet LLC ("Ice Fleet") (collectively, "Entity Defendants"). (Mot., Dkt. No. 69-1.) The Entity Defendants have not filed an opposition.

For the following reasons, the Court **DENIES** the motion.

I. BACKGROUND

The following factual background is taken from the SEC's Complaint unless otherwise specified. (See Compl., Dkt. No. 1.)

Defendant Equifunds is a California corporation with its principal place of business in Laguna Niguel, California. (Compl. ¶ 12.) Defendant Ice Fleet is a Delaware LLC with its principal place of business in Beverly Hills, California. (Id. ¶ 13.) Defendant David Gessin ("Gessin") founded both entities and was their sole principal, exercising exclusive authority over their business operations and finances.[1] (Id. ¶ 11.)

The SEC alleges that Gessin used the Entity Defendants to target and defraud a small group of unsophisticated retail investors, including an artist, a U.S. military

---

[1] The Court addresses the request for entry of default against Gessin, individually, in a separate Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 8, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

veteran, and an elderly retired nurse. (Id. ¶ 18.) Gessin, often using the alias "John David" to hide his criminal history and prior lawsuits, presented himself as a successful venture capitalist. (Id. ¶ 19.) Gessin solicited investments for purported business operations related to the purchase and distribution of fuel, including biodiesel fuels. (Id. ¶¶ 20, 23.)

The SEC alleges that Defendants falsely promoted the ventures to investors in various ways. Defendants offered investments in the form of promissory notes with guaranteed, above-market interest rated ranging from 12% to 24% annually. (Id. ¶¶ 21, 24, 40.) Gessin falsely told investors that he was purchasing a commercial fuel depot ("the Mitchell depot"), that he had a contract with the Mexican state-owned oil company Pemex, and that investors' investments were 100% protected by an insurance policy. (Id. ¶¶ 23, 38, 42.) Gessin represented that the investor funds would be used solely for business purposes and that he was not using "a dime" for personal benefit. (Id. ¶ 32.) In reality, the SEC alleges that Gessin used only a fraction of the funds for business purposes, instead misappropriating the money to fund his personal lifestyle, including payments for a mortgage, automobiles, luxury meals, and gifts to family and friends. (Id. ¶ 56.)

In March 2020, Defendants abruptly stopped making interest payments to investors. (Id. ¶ 49–50.) Gessin falsely blamed the COVID-19 pandemic for business disruptions despite the Mitchell depot operating normally. (Id.)

The SEC filed its Complaint on March 14, 2023. (See Compl., generally.) Procedurally, after the initial defense counsel withdrew in February 27, 2025, the Court ordered the Entity Defendants to retain new counsel, because corporate entities cannot appear pro se. (Dkt. No. 49 at 4.) After the Entity Defendants failed to do so, the Court granted an extension, explicitly warning that failure to comply would result in default. (Dkt. No. 57.) No counsel appeared for the Entity Defendants by the final deadline. Consequently, the Clerk of the Court entered default against them on April 29, 2025. (Dkt. No. 63.) The SEC filed the Motion for Entry for Default Judgment on May 30, 2025. (See Mot., generally.)

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)   Date  July 8, 2025

Title  Securities and Exchange Commission v. John David Gessin, et al.

satisfy the procedural and substantive requirements for default judgment.

  *A.* *Procedural Requirements*

  For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

  In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

  *B.* *Substantive Requirements*

  The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

  Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)                        Date  July 8, 2025

Title  Securities and Exchange Commission v. John David Gessin, et al.

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages.  See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

### III.  DISCUSSION

#### A.   Procedural Requirements

The SEC has met the procedural requirements for a default judgment against Defendants.  The SEC's complaint requests a permanent injunction, disgorgement, prejudgment interest, and civil penalties. (Compl. ¶ 10.)  Because the motion for default judgment seeks the same relief, it satisfies Rule 54(c)'s requirement.  See Fed. R Civ. P. 54(c).

The SEC submitted a declaration in satisfaction of Local Rule 55-1.  (See Declaration of Nicholas C. Margida ("Margido Decl."), Dkt. No. 69-2.)  The declaration correctly states that default was entered with respect to the Complaint against the Entity Defendants on April 29, 2025.  (Id. ¶ 2; Dkt. No. 63.)  The declaration also states that the Entity Defendants are not infants, incompetent persons, or currently serving in the United State military such that the Service members Civil Relief Act applied.  (Id. ¶ 3.)  Finally, service of this motion is not required because Entity Defendants have not appeared in this action.  Fed. R. Civ. P. 55(b)(2).  Here, the declaration states that Entity Defendants were still served via email.  (Id. ¶ 4.)  Therefore, all elements of Local Rule 55-1 have been satisfied.

#### B.   Substantive Requirements

All Eitel factors weigh in favor of granting default judgment.  The Court finds that the SEC has met the substantive requirements for entry of default judgment against the Entity Defendants.

    1.      Possibility of Prejudice to the SEC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)                    Date  July 8, 2025

Title  Securities and Exchange Commission v. John David Gessin, et al.

Under the first Eitel factor, the Court considers the possibility of prejudice to the plaintiff.  Eitel, 782 F. 2d at 1472.  A defendant would be prejudiced by a court's refusal to enter default judgment if the defendant would then have no other recourse for recovery.  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Because Entity Defendants have failed to appear in this action, a default judgment is the SEC's only form of relief.  The SEC would be prejudiced if the Court denied default judgment.

2. Merits of the SEC's Substantive Claim and Sufficiency of the Complaint

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover.  See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

The SEC has sufficiently stated claims for violations of Section 17(a) of the Securities Act, and Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder.  To establish a violation of these sections, the SEC must prove: (1) engage in fraudulent conduct, either through a fraudulent scheme or material misrepresentations or omissions; (2) in connection with the offer, purchase, or sale of securities; (3) by means of interstate commerce; and (4) with scienter.  See SEC v. Phan, 500 F.3d 895, 907-08 (9th Cir. 2007).  The elements of violations of Sections 17(a)(2) or (3) are the same, though scienter is not required—negligence is sufficient.  Aaron v. SEC, 446 U.S. 680, 701-02 (1980).  Section 17(a)(2) requires additional proof that the defendant obtained "money or property" through the alleged misrepresentations.  See 15 U.S.C. § 77q(a)(2).  Accepting the allegations in the Complaint as true, the SEC has established that the Entity Defendants engaged in securities fraud.

a. Material Misrepresentations and the Omissions

The Complaint alleges numerous material misrepresentations and omissions.  These include false statements about Entity Defendants' business operations and contracts, such as representing that they were purchasing Mitchell depot and had a binding contract with the Mexican state-owned oil company, Pemex, when neither

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-00460-JVS (ADSx)   Date   July 8, 2025

Title   Securities and Exchange Commission v. John David Gessin, et al.

statement was true. (Compl. ¶¶ 23, 38.) Furthermore, Entity Defendants falsely claimed that investor funds would be used solely for business purposes and that Gessin was not taking "a dime" for himself, all while he was actively misappropriating funds for personal expenses like mortgage payments, cars, and luxury gifts. (Id. ¶¶ 32, 56.) In addition, Gessin falsely assured some investors that their investments were 100% protected by an insurance policy that did not exist. (Id. ¶¶ 34, 42.) Moreover, Gessin used an alias to deliberately hide his true identity, criminal history, and prior lawsuits involving allegations of fraud from investors. (Id. ¶¶ 19, 25, 35, 44.) These facts are material, as there is a substantial likelihood that their disclosure would have been viewed by a reasonable investor as having significantly altered the "total mix" of critical information to make an investment decision. See Basic Inc. V. Levinson, 485 U.S. 224, 231-32 (1988). Thus, the Court finds that Entity Defendants made material misrepresentations and omissions.

### b.   Connection with the Sale of Security

This fraudulent conduct was in connection with the offer and sale of securities. The promissory notes issued by the Entity Defendants, which promised specific rates of return based on the managerial efforts Gessin, qualify as "investment contracts" and "notes," both of which are defined as securities under the federal securities laws. See SEC v. W.J. Howey Co., 328 U.S. 293, 298–99 (1946); Reves v. Ernst & Young, 494 U.S. 56 (1990) (finding notes to be securities where the "seller's purpose is to raise money for the general use of a business enterprise" and "the buyer is interested primarily in the profit the note is expected to generate"). (Compl. ¶¶ 21, 28, 40.)

The Howey test to qualify for an investment contract requires: (1) an investment of money; (2) in a common enterprise, (3) with an expectation of profits derived solely from the efforts of others. Howey, 328 U.S. at 298–99.

### i.   Investment of Money

First, the Court finds that there is an investment of money. Here, the investors made an investment of money, totaling over $1.6 million. (Compl. ¶¶ 5, 24, 28, 43, 47.)

### ii.   Common Enterprise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)                                  Date  July 8, 2025

Title    Securities and Exchange Commission v. John David Gessin, et al.

    Second, the Court assesses whether there is a common enterprise. Investor funds were pooled into the Entity Defendants' bank accounts to be used for the purported business ventures. (Id. ¶¶ 28, 57.) The second Howey element can be satisfied in the Ninth Circuit by the existence of either horizontal commonality (a pooling of investor funds and/or interests) or strict vertical commonality (whereby the fortunes of the investor are linked with those of the promoter). See SEC v. R.G. Reynolds Enters., Inc., 952 F.2d 1125, 1130 (9th Cir. 1991). Pooling the investor's funds into Entity Defendant's bank accounts and linking Gessin with the investors' fortunes and their purported investment returns indicate horizontal and vertical commonality, respectively. (Compl. ¶¶ 56–57.) Thus, the Court finds that there is a common enterprise.

                              iii.    *Expectation of Profits derived Solely from Other's Efforts*

    Third, the Court assesses whether investors had an expectation of profits derived solely from the efforts of others. The third Howey element is met if the actions of others are "undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." Id. at 1131 (citations omitted). The investors were entirely passive and relied completely on Gessin's promised entrepreneurial and managerial efforts in the fuel business to generate their promised high-yield interest payments. (Mot. at 16). Thus, the Court finds that investors had an expectation of profits derived solely from the efforts of others.

    Therefore, the investment scheme satisfies all three Howey factors. Thus, the Court finds that the instruments sold to investors are securities under federal law.

                            c.    *Use of Interstate Commerce*

    The Court continues to assess fraudulent conduct by looking at whether there was use of interstate commerce. Wires are channels or instrumentalities of interstate commerce. United States v. Jinian, 725 F.3d 954, 968 (9th Cir. 2013). The Complaint alleges that Entity Defendants used means and instrumentalities of interstate commerce to carry out the fraud, including using wire transfers to move investor funds between accounts. (Compl. ¶¶ 28, 56–58.) Thus, the Court finds that Entity Defendants used means and instrumentalities of interstate commerce to carry out fraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)  Date  July 8, 2025

Title  Securities and Exchange Commission v. John David Gessin, et al.

        *d.*    *Scienter*

    The Court finds that the Complaint sufficiently alleges that Entity Defendants acted with scienter–a mental state embracing intent to deceive, manipulate, or defraud. See Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1568 (9th Cir. 1990) (citations omitted). Conduct is considered reckless if it is an extreme departure from the standards of ordinary care." Id. at 1569. Gessin's detailed and fabricated stories (Compl. ¶¶ 23, 32, 34, 38, 42), Gessin's use of an alias (id. ¶¶ 19, 27), and Gessin's direct misappropriation of funds constitute strong evidence of intentional fraudulent conduct that surpasses mere negligence (id. ¶¶ 56–67). This scienter is imputed to the Entity Defendants, Equifunds and Ice Fleet, as Gessin exercised control over their operations and finance. (Id. ¶ 5.) See In re ChinaCast Educ. Corp. Sec. Litig., 809 F.3d 471, 476 (9th Cir. 2015). Thus, the Court finds that Entity Defendants acted with scienter.

    Thus, the Court finds that the Complaint sufficiently pleads each element of a securities fraud violation under both the scienter and negligence standards required by the relevant statutes. Therefore, the second and third Eitel factors weigh in favor of granting default judgment.

        3.    Sum of Money at Stake

    The fourth Eitel factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. The Complaint alleges a fraud of more than $1.6 million.[2] (Compl. ¶ 5.) The Court finds that the requested remedies of disgorgement, prejudgment interest, and civil penalties to be reasonable and proportionate under the circumstances because they match the amount of money Entity Defendants raised through their fraudulent scheme. This sum is directly proportional to the seriousness of Defendant's conduct. Accordingly, this factor leans in favor of granting default judgment.

        4.    Possibility of a Dispute Regarding Material Facts

---

    [2] The SEC also seeks a permanent injunction prohibiting Entity Defendants from future violations of Securities law. (Mot. at 19.) The request for permanent injunction is inapplicable to this factor. See SEC v. SHE Beverage Co., 2023 WL 6147134, at *5–6 (S.D. Cal. Sept. 18, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)                                Date   July 8, 2025

Title   Securities and Exchange Commission v. John David Gessin, et al.

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope, 323 U.S. at 12; Geddes, 559 F.2d at 560. Here, the Entity Defendants have not appeared to challenge any of the SEC's factual allegations. (See Compl., generally; see Mot., generally.) However, the Court finds no evidence—affidavits, declarations, or otherwise—offered to establish that $1.6 million is appropriate. See Davis v. Fendler, 650 F.2d 1154, 1161–62 (9th Cir. 1981). Because damages cannot be assumed, Pope, 323 U.S. at 12, the Court finds that this factor weighs heavily against granting default judgment.

Where a defendant has not contested the damages figure, courts largely have discretion to hold an evidentiary hearing on the issue of damages. See, e.g., Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264 (11th Cir. 2003); Stephenson v. El-Batrawi, 524 F.3d 907 (8th Cir. 2008); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105 (2d Cir. 1997); 10 Wright & Miller, Federal Practice and Procedures § 2688. In this case, while evidentiary hearing may not be necessary, the Court must nevertheless ensure a sufficient offering of evidence to grant default judgment.[3] Such offering is not present.

     5.     Excusable Neglect

The sixth Eitel factor favors default judgment when the defendant has been properly served." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citing Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). Here, Entity Defendants were represented by counsel before counsel withdrew. The Court then gave Entity Defendants numerous opportunities and explicit warnings to retain new counsel. Entity Defendant's failure to do so demonstrates a deliberate choice not to defend this action, not excusable neglect. Thus, this factor favors default judgment.

     6.     Policy Favoring Decision on the Merits

---

[3] The Court notes that because the SEC is seeking disgorgement, a detailed accounting is not necessary. SEC v. First Jersey Secs., Inc., 101 F.3d 1450, 1474–75 (2d Cir. 1996). Rather, the SEC need only provide a reasonable approximation of the Defendants' unjust enrichment. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)   Date  July 8, 2025

Title   Securities and Exchange Commission v. John David Gessin, et al.

"Cases should be decided on their merits wherever possible." Eitel, 782 F.2d at 1472.  However, failure to appear makes it impractical for the Court to make a decision on the merits.  Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008).  Here, Entity Defendants have not defended themselves in this action.  Thus, the seventh Eitel factor regarding policy weighs in favor of default judgment.

The Court finds that while most of Eitel factors favor granting the SEC's motion for default judgment, the amount of damages have not been established with sufficient evidence.  Therefore, the Court **DENIES** without prejudice the SEC's motion for default judgment against Entity Defendants.

The SEC shall file, if at all, a renewed motion for default judgment against the Entity Defendants at such a time when supporting evidence can be provided.  If appropriate, the SEC shall contemporaneously file a motion for default judgment against Gessin individually.  The Court will address the issues of prejudgment interest and civil penalties at this time provided that the evidence is sufficient to show damages.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice the motion for default judgment.

The SEC shall file, if at all, a renewed motion for default judgment against the Entity Defendants at such a time when supporting evidence can be provided.  If appropriate, the SEC shall contemporaneously[4] file a motion for default judgment against Gessin individually.  The Court will address the issues of prejudgment interest, civil penalties, and permanent injunction at that time.

---

[4] The Court would likewise have declined to resolve the instant motion on the independent basis that entering default judgment against Entity Defendants but not against Gessin may cut against the Frow principle.  The Supreme Court in Frow v. De La Vega, 82 U.S. 552 (1872) created the well-established rule that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  Neilson v. Change (In re First T.D. & Inv. Inc.), 253 F.3d 520, 532 (9th Cir. 2001).  This principle has been extended to cases involving defendants who are not jointly and severally liable but are nonetheless similarly situated.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 8, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

        **IT IS SO ORDERED.**

    The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the July 14, 2025, hearing.