UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 14, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion to Strike Answer and Entry of Default [70]**

Before the Court is Plaintiff Securities and Exchange Commission's (the "SEC") Motion to Strike Answer and Enter Default against John David Gessin. (Mot., Dkt. No. 70.) John David Gessin ("Gessin") did not file an opposition. The Court held oral argument on July 14, 2025. Gessin did not appear.

For the following reasons, the Court **GRANTS** the motion. The Answer to Complaint (Dkt. No. 18) is hereby **STRICKEN** and the Clerk of the Court is directed to enter default in favor of the SEC and against John David Gessin.

### I. BACKGROUND

The following factual background is taken from the SEC's Complaint unless otherwise specified. (See Compl., Dkt. No. 1.)

Defendant Gessin founded two companies, Equifunds Inc. ("Equifunds") and Ice Fleet LLC ("Ice Fleet") (collectively, "Entity Defendants") and became their sole principal, exercising exclusive authority over their business operations and finances.[1] (Id. ¶ 11.)

The SEC alleges that Gessin used the Entity Defendants to target and defraud a small group of unsophisticated retail investors, including an artist, a U.S. military

---

[1] The SEC has filed a motion for default judgment with respect to Equifunds and Ice Fleet ("Entity Defendants"). The Court addresses the motion for default judgment in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 14, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

veteran, and an elderly retired nurse. (Id. ¶ 18.) Gessin, often using the alias "John David" to hide his criminal history and prior lawsuits, presented himself as a successful venture capitalist. (Id. ¶ 19.) Gessin solicited investments for purported business operations related to the purchase and distribution of fuel, including biodiesel fuels. (Id. ¶¶ 20, 23.)

The SEC alleges that Defendants falsely promoted the ventures to investors in various ways. Defendants offered investments in the form of promissory notes with guaranteed, above-market interest rated ranging from 12% to 24% annually. (Id. ¶¶ 21, 24, 40.) Gessin falsely told investors that he was purchasing a commercial fuel depot ("the Mitchell depot"), that he had a contract with the Mexican state-owned oil company Pemex, and that investors' investments were 100% protected by an insurance policy. (Id. ¶¶ 23, 38, 42.) Gessin represented that the investor funds would be used solely for business purposes and that he was not using "a dime" for personal benefit. (Id. ¶ 32.) In reality, the SEC alleges that Gessin used only a fraction of the funds for business purposes, instead misappropriating the money to fund his personal lifestyle, including payments for a mortgage, automobiles, luxury meals, and gifts to family and friends. (Id. ¶ 56.)

In March 2020, Defendants abruptly stopped making interest payments to investors. (Id. ¶ 49–50.) Gessin falsely blamed the COVID-19 pandemic for business disruptions despite the Mitchell depot operating normally. (Id.)

The SEC filed its Complaint on March 14, 2023. (See Compl., generally.) Procedurally, after the initial defense counsel withdrew in February 27, 2025, the Court ordered the Entity Defendants to retain new counsel, as corporate entities cannot appear pro se. (Dkt. No. 49 at 4.) After the Entity Defendants failed to do so, the Court granted an extension, explicitly warning that failure to comply would result in default. (Dkt. No. 57.) No counsel appeared for the Entity Defendants by the final deadline. Consequently, the Clerk of the Court entered default against them on April 29, 2025. (Dkt. No. 63.) In the meanwhile, the SEC alleges that Gessin has "simply ignor[ed] this case" and failed to comply with Court orders and engage with the SEC. (Mot. at 1.)

## II. LEGAL STANDARD

Federal Rule Civil Procedure 37(b)(2) authorizes the courts to order sanctions for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-00460-JVS (ADSx)                                   Date   July 14, 2025

Title   Securities and Exchange Commission v. John David Gessin, et al.

a party's failure to attend deposition, respond to discovery requests, or comply with a court's discovery order. Fed. R. Civ. P. 37(b), (d)(1). Permissible sanctions include "striking pleadings in whole or in part," dismissing the action, or entering default against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A).

When sanctions under Federal Rule Civil Procedure 37 result in entry of default judgment, the sanctioned party's violations "must be due to the 'willfulness, bad faith, or fault' of the party." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath, 24 F.3d at 1166.

The Ninth Circuit has constructed a five part test to determine whether a case warrants sanctions under Rule 37(b)(2): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). This test is not "mechanical" and provides the district courts with "a way to think about what to do" in an explicit manner. Id.

### III. DISCUSSION

The SEC requests that the Court sanction Gessin by striking his Answer and entering default against him. (Mot. at 8.) The Court finds that Gessin's conduct is willful and conducted in bad faith. Accordingly, applying the five factor test, the Court finds that entry of default[2] is an appropriate sanction for Gessins' conduct.

 A. *First and Second Factors: Public Interest and Judicial Efficiency*

---

[2] The Court notes that while Federal Rule Civil Procedure 37(b)(2)(A)(vi) speaks of "rendering a default judgment" as a sanction, this Order only grants the SEC's requested relief of entry of default. The SEC shall file a motion for default judgment against Gessin if it seeks judgment. Likewise, Gessin may freely request the Court to set aside default if he believes the circumstances warrant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)     Date  July 14, 2025

Title   Securities and Exchange Commission v. John David Gessin, et al.

The first two factors support entry of default as a sanction. From as early as the first set of discovery responses, Gessin withheld discovery from the SEC and largely failed to comply with discovery requests. (Dkt. No. 67-1, ¶ 4.) The SEC eventually had to file a motion to compel. (Dkt. No. 53.) In early April 2025, the SEC served Gessin with a Second Set of Interrogatories and a Second Set of Requests for Admission. (Dkt. No. 67-1 ¶¶ 6–7.) Gessin did not respond to either. (Id.)

On April 16, 2025, the Magistrate Judge ordered Gessin to produce documents responsive to the SEC's Document Request on or before April 23, 2025. (Dkt. No. 59, 61.) Gessin did not appear at the hearing. (Id.) The SEC emailed Gessin multiple times between the April 16 ruling and April 24, requesting a response. (Decl. of Jennifer Farer ("Farer Decl."), Dkt. No. 70-2, Ex. 4 at 6–7.) Gessin did not respond. (Id.) The SEC reached out to Gessin via email on April 25, April 29, May 1, May 7, May 8, May 12, and May 19 before seeking relief from the Court. (Id. at 1–5.) Again, Gessin did not respond to the Document Requests or address the Magistrate Judge's April 16 Order. (Id.)

On April 1, 2025, the SEC served a Notice of Deposition on Gessin setting his deposition for May 1, 2025, in Los Angeles, California. (Mot. at 6.) The SEC followed up with Gessin through email on four separate occasions to confirm his attendance. (Id.) The SEC also arranged for a number of third-party witness depositions. (Id.) Gessin failed to respond to all of the SEC's notices and did not appear at the third-party witness depositions. (Id.) On April 29, 2025, two days before his deposition, Gessin sent the SEC a document titled "Notice of Stay of Proceedings Due to Bankruptcy Filing." (Id.) The Court ultimately denied this request. (Dkt. No. 66.) Gessin did not appear at his deposition. (Dkt. No. 67-1 ¶ 22.) Throughout May, the SEC continued to try and reach Gessin regarding discovery production. (Id. at 6–7.) Gessin never responded. (Id.) To date, Gessin does not have counsel—nor does it appear that he is presently seeking counsel for this action. The Entity Defendants are in default for failure to appoint counsel. (Dkt. No. 62.)

The Court finds that Gessin's conduct strongly favors entry of default as an appropriate sanction. "Where a court order is violated, the first and second factors will favor sanctions." Comput. Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004). In this case, Gessin has not only plainly violated a court order, but has repeatedly snubbed the SEC and failed to defend his case. His continued disregard for the case,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 14, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

refusal to comply with court orders, and declining to participate in discovery reflect the necessity for a harsh sanction. Further, this conduct is willful where Gessin and his companies have been given numerous opportunities and explicit warnings to retain new counsel and cooperate with the SEC. To date, the only recorded response by Gessin was an unsuccessful attempt to stay proceedings in light of his bankruptcy proceedings.

Accordingly, in order to manage the Court's docket and advance the public's interest in expeditious litigation, the first two factors heavily favor entry of default.

    B.    *Third Factor: Risk of Prejudice to the Plaintiff*

The Ninth Circuit has repeatedly held that "'[f]ailure to produce documents as ordered . . . is considered sufficient prejudice' to warrant harsh sanctions." Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997) (alterations in original) (holding that the repeated failure to provide documents in discovery in a timely fashion prejudiced the other party's ability to prepare for trial and warranted dismissal).

The third factor strongly favors default. Gessin has repeatedly failed to produce documents as ordered by the Court. Additionally, Gessin has entirely failed to answer multiple sets of interrogatories and requests for admission. Most egregiously, Gessin did not appear at his own deposition or those of third-party witnesses. The SEC has demonstrated significant prejudice and a high risk of continued prejudice in its ability to develop a litigation strategy and prepare for trial.

    C.    *Fourth Factor: Public Policy Favoring Trial on Merits*

"Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). However, even where the fourth factor weighs against default, this factor is not dispositive. Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024). This is particularly true where at least four factors support default or three factors strongly support default. Id.; see also Malone v. U.S. Postal Service, 833 F.2d 128, 133 (9th Cir. 1987).

    D.    *Fifth Factor: Availability of Less Drastic Sanctions*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00460-JVS (ADSx) | Date | July 14, 2025 |
| Title | Securities and Exchange Commission v. John David Gessin, et al. | | |

With respect to the fifth factor, the Ninth Circuit has identified three additional considerations: "(1) whether the district court explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate, (2) whether the district court had implemented lesser sanctions before ordering [entry of default judgment], and (3) whether the district court had warned the offending party of the possibility [of default judgment]." Transamerica, 93 F.4th at 1148.

The Court finds that lesser sanctions would not be appropriate in this case. The SEC proposes that if the Court were to adopt lesser sanctions, it should compel Gessin to produce outstanding discovery, sit for his deposition, and deem admitted the Second Requests for Admission. (Mot. at 16.) These alternatives, however, would be ineffective. Gessin has already refused to comply with the Magistrate Judge's order that he produce outstanding discovery. Gessin has also repeatedly violated the Federal Rules of Civil Procedure and the Local Rules. (See Dkt. No. 60 at 2.) Further, Gessin has repeatedly failed to defend himself in this action and it appears unlikely that another Court order will change this behavior. See Microsoft Corp. v. Marturano, 2009 WL 650589, at *6 (E.D. Cal. Mar. 12, 2009) (striking the defendant's answer and entering default because of his "ongoing failure to take part in this litigation including his refusal to participate in the discovery process").

The Court has not implemented lesser sanctions against Gessin, weighing against granting default. Moreover, the Court acknowledges that it has not explicitly warned Gessin of the possibility of default for failure to respond. However, "an explicit warning is not always necessary." Anheuser-Busch, Inc., 69 F.3d at 353 (internal quotation marks omitted); Malone, 833 F.2d at 133 ("[W]e find a warning to be unnecessary here.") The Court finds that a record of explicit warnings is not required in order to find Gessin in default. Gessin has received notice from the Court that he needs to engage in the discovery process.[3] (Dkt. Nos. 59, 61.) Gessin has continued to refuse to appear at hearings, appear at depositions, respond to the SEC, or file pleadings with the Court. "A [party] can hardly be surprised by a harsh sanction in response to willful violation of [orders]." Malone, 833 F.2d at 133.

---

[3] The Local Rules likewise provide a plain warning that failure to comply with Federal Rules of Civil Procedure or Local Rules may result in grounds for dismissal or judgment by default. L.R. 83-2.2.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00460-JVS (ADSx)  Date  July 14, 2025

Title  Securities and Exchange Commission v. John David Gessin, et al.

E.   *Totality of the Factors*

The first, second, and third factors strongly favor striking the answer and entering default as the appropriate sanction. The fifth factor also weighs in favor of the request relief, though less so where the Court has not implemented lesser sanctions nor explicitly warned Gessin of the possibility of default. The fourth factor weighs against entering default. On balance, the factors favor striking the answer and entering default. See Transamerica, 93 F.4th at 1147.

In a separate Order, this Court denied the SEC's motion for default judgment against Entity Defendants. In light of this Order granting entry of default, the Court notes that all Defendants in this action are now in default. The Court will resolve future motions for default, if appropriate, in a single order.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Answer to Complaint (Dkt. No. 18) is hereby **STRICKEN** and the Clerk of the Court is directed to enter default against John David Gessin.

**IT IS SO ORDERED.**

A copy of this minute order is mailed to Gessin at his address of record 28241 Crown Valley Pkwy., Suite F607, Laguna Niguel, CA 92677.