JENNIFER FARER (*Pro Hac Vice*)
Email: farerj@sec.gov
Telephone: (202) 551-5072
NICHOLAS MARGIDA (*Pro Hac Vice*)
margidan@sec.gov
Telephone: (202) 551-8504
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

LOCAL COUNSEL
Douglas M. Miller (Cal. Bar # 240398)
Email: millerdou@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-3837
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DAVID GESSIN (a/k/a John David), an individual, EQUIFUNDS, INC., a California Corporation, and ICE FLEET, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 8:23-cv-00460-JVS-ADS <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION TO SUSPEND SCHEDULING ORDER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Ctm:   10C, Santa Ana Courthouse <br> Judge: Honorable James V. Selna <br><br> Discovery Cut-off:   8/15/2025 <br> Pretrial Conference: 9/22/2025 <br> Trial Date:          11/12/2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Civil Rule 7-19, Plaintiff United States Securities and

Exchange Commission ("SEC") hereby applies *ex parte* to this Court to suspend the current Scheduling Order (Dkt. No. 68) or, in the alternative, to extend the current Scheduling Order by four months. There is good cause to grant this Application because the requested relief would allow: (1) the SEC to obtain full Commission approval[1] for the remedies it intends to seek against the Defendants and file a motion for default judgments requesting such relief; and (2) the Court sufficient time to rule on the SEC's motion for default judgments.

As the Court well knows, Defendants have completely failed to defend this case or comply with the Court's Orders, Federal Rules of Civil Procedure, and Local Rules, which resulted in the Clerk of Court entering defaults against all Defendants. (*See* Dkt. Nos. 63, 75.) The requested suspension (or, in the alternative, extension) of the Scheduling Order would be in the interests of judicial economy and cost savings for the parties and the Court as it would allow the Court to resolve this matter without further unnecessary proceedings.

This Application is being submitted out of an abundance of caution and *ex parte* because the SEC is seeking to suspend, among other dates, the discovery and substantive motions deadlines, which are currently set for August 15 (discovery cut-off), August 19 (motions *in limine*), and August 23 (motion for summary judgment), in addition to the pretrial and trial dates, in the unlikely event that Defendants now appear after an approximately 6-month absence and seek to vacate the entry of default and defend themselves in this action.

This Application is supported by the attached Memorandum of Points and Authorities, and the supporting Declaration of Jennifer Farer. Pursuant to Local Civil Rule 7-19.1, and as set forth in the Declaration of Jennifer Farer ("Decl."), counsel for the SEC contacted *pro se* Defendant Gessin via email and voicemail of the substance and date of this *Ex Parte* Application. (Decl. ¶ 2.) As of the date

---

[1] The undersigned has already begun this process, which, unfortunately, can take several weeks.

1 | and time of this filing, Gessin did not respond. (*Id.*)

3 | DATED: August 14, 2025    Respectfully submitted,

*/s/ Jennifer Farer*
Jennifer L. Farer (*Pro Hac Vice*)
Nicholas Margida (*Pro Hac Vice*)
100 F Street, N.E.
Washington, DC 20549
Emails: farerj@sec.gov
    margidan@sec.gov
Telephone: (202) 551-5072 (Farer)

*Attorneys for Plaintiff Securities and Exchange Commission*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT BACKGROUND

As briefed in the SEC's recent filings, since the inception of this case in March 2023, Defendant John David Gessin, along with Defendants Equifunds, Inc. ("Equifunds") and Ice Fleet, LLC ("Ice Fleet") (collectively, "Entity Defendants" and, with Gessin, "Defendants") repeatedly violated their obligations under the Federal Rules of Civil Procedure, Local Civil Rules, and this Court's orders. Ultimately, the Court entered default against each of the Defendants, and the SEC is currently securing Commission authority for the specific monetary and other remedies it will seek against the Defendants, which includes disgorgement, prejudgment interest, and civil penalties, as well as injunctive relief. The SEC intends to file its motion for default judgments as to all Defendants once it receives the internal approvals regarding these remedies. If the Court grants that future motion for default judgments, all matters before the Court would be resolved.

Accordingly, as discussed below, in light of the procedural history and current status, suspending the remaining deadlines under the Scheduling Order promotes judicial efficiency and saves costs.

### A. The Entity Defendants Defaulted

In the Court's February 27 Order granting prior counsel's motion to withdraw, the Court ordered the Entity Defendants to retain new counsel within 30 days because corporations cannot appear *pro se*. (Dkt. No. 49.) Despite the SEC's multiple inquiries regarding the status of new counsel, and the Court providing the Entity Defendants additional time, the Entity Defendants failed to retain new counsel by the Court-ordered deadline. (*See* Dkt. Nos. 55, 57, 60.) On April 23, the SEC filed its second request for entry of default, which the Court granted, and on April 29, the Clerk of Court entered defaults against the Entity Defendants. (Dkt. Nos. 60, 62, 63.)

On May 30, the SEC moved for default judgment against the Entity Defendants. (Dkt. No. 69.) On July 8, 2025, the Court denied without prejudice the SEC's motion for default judgment, finding that, although almost all the *Eitel* factors weighed in favor of entering default judgment, the amount of damages had not been established with sufficient evidence. (Dkt. No. 72.) The Court invited the SEC to file a renewed motion for default judgment against the Entity Defendants with evidence supporting the requested monetary remedies along with a motion for default judgment against Gessin, if appropriate. (*Id.* at 10.)

### B. Gessin Defaulted

Since his former counsel withdrew in February 2025, Gessin: (1) failed to retain new counsel for himself and the Entity Defendants, resulting in entry of defaults against the Entity Defendants; (2) completely ignored the SEC's multiple attempts by phone, email, and mail sent Next Day UPS to engage about the case; (3) violated his continuing discovery obligations—including failing to produce responsive documents, provide any substantive responses to interrogatories, respond to the SEC's multiple requests for admission, or appear for his noticed deposition or the depositions of third parties; and (4) disregarded the specific directions of the Court's Order compelling the production of outstanding discovery ("April 16 Order") after he failed to appear at the April 16 motion to compel hearing (*see* Dkt. Nos. 59, 67-1 at ¶ 3, 70-2 at ¶ 3).

For all these reasons, on June 13, 2025, the SEC filed a Motion to Strike Answer to Complaint and Enter Default Against Defendant John David Gessin or, in the Alternative, Enter Discovery Order. (Dkt. No. 70.) Gessin failed to appear at the July 14 hearing on the SEC's motion. On July 14, the Court granted the SEC's motion, striking Gessin's answer and entering default against him. (Dkt. Nos. 73-75.) During the July 14 hearing, the SEC informed the Court that it would be moving for default judgments against all Defendants, which timing was

dependent on the requisite Commission review and approval process for the specific remedies that the SEC intended to seek in the Motion. (*See* Decl. ¶ 3.)

****

In light of the current procedural posture, the SEC now requests that the Court suspend the current Scheduling Order (or, in the alternative, extend it for four months) to afford sufficient time for the SEC to move for default judgments against all Defendants after obtaining necessary Commission approval for the specific requested relief and for the Court to rule on the SEC's motion.

## II.  THE REQUESTED RELIEF IS SUPPORTED BY GOOD CAUSE

Good cause exists for granting the requested suspension to the Scheduling Order to allow sufficient time to facilitate resolution of this case. Now that the Clerk of Court has entered defaults against all Defendants, the SEC intends to move for default judgments against all Defendants, requesting that the Court impose both injunctive relief and monetary remedies. As undersigned counsel informed the Court at the July 14, 2025 hearing, Commission approval is required for the specific remedies the SEC intends to seek in its motion for default judgments. (Decl. at ¶ 3.)

Based on current timing of the Commission's review and approval process, the SEC expects that it will be able to move for default judgments in October 2025. The undersigned has already made significant process in completing the review and approval process, but, as stated during the July 14 hearing, obtaining full approval of the Commission can take some time.

In the interim, there are various deadlines under the current Scheduling Order, including the upcoming deadlines for the discovery cut-off (May 16), motions *in limine* (May 19), and motion for summary judgment (May 23), in addition to subsequent pretrial and trial dates that would require SEC time and resources, as well as significant judicial resources.

6

Given the current status of the case, the SEC respectfully submits that the appropriate course is to suspend (or, in the alternative, extend) those dates to allow necessary time for the SEC to file and for the Court to consider its motion for default judgments to resolve this case and eliminate the need for further proceedings and the expense of any further time or resources by the SEC and the Court.

Further, suspending the deadlines ensures the SEC is not further prejudiced in properly litigating this case pursuant to the Scheduling Order and in the unlikely event that Defendants now appear after an approximately 6-month absence and seek to vacate the entry of default and defend themselves in this action.

## II. CONCLUSION

For the foregoing reasons, good cause exists to grant the SEC's *Ex Parte* Application Motion to Suspend the Scheduling Order or, in the alternative, extend the Scheduling Order by four months.[2]

DATED: August 14, 2025                                         Respectfully submitted,

/s/ *Jennifer Farer*
Jennifer L. Farer (*Pro Hac Vice*)
Nicholas Margida (*Pro Hac Vice*)
100 F Street, N.E.
Washington, DC 20549
Emails:  farerj@sec.gov
              margidan@sec.gov
Telephone: (202) 551-5072 (Farer)

---

[2] The alternative relief set forth in the Proposed Order applies a four-month extension to each date in the current Scheduling Order (Dkt. No. 68), with minor adjustments to account for the Court's requirement that certain proceedings occur on specific days of the week or to avoid a deadline falling on a weekend. In addition, the Proposed Order includes expert discovery dates in case Gessin subsequently produces discovery that impacts the SEC's analysis concerning the need for expert testimony.

*Attorneys for Plaintiff Securities and Exchange Commission*

# PROOF OF SERVICE

I am over 18 years of age and not a party to this action. My business address is:

> SECURITIES AND EXCHANGE COMMISSION
> 100 F. Street N.E., Washington, DC 20549
> Telephone No. (202) 551-5072

On this date, I caused to be served the document entitled **PLAINTIFF'S *EX PARTE* APPLICATION TO SUSPEND SCHEDULING ORDER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare that the foregoing is true and correct.

Date: August 14, 2025        */s/ Jennifer Farer*
                              Jennifer Farer

*SEC v. Gessin, et al*
**United States District Court – Central District of California**
Case No. 8:23−cv−00460−JVS−ADS

SERVICE LIST

John David Gessin
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

Equifunds, Inc.
Attn: John David Gessin, President
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

Ice Fleet LLC
Attn: John David Gessin, Manager
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

**Defendants**[3]

---

[3] The current address information for each Defendant was identified in the motion of Ms. Boris to withdraw as counsel for Gessin, Equifunds, and Ice Fleet. (*See* Dkt. No. 42.) Gessin subsequently requested that the SEC use the email address delivery0612@outlook.com for correspondence in this case.