# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:23-cv-00460-JVS-ADS |
| Plaintiff, | **ORDER AND FINAL JUDGMENT AGAINST DEFENDANT JOHN DAVID GESSIN** |
| vs. | |
| JOHN DAVID GESSIN (a/k/a John David), an individual, EQUIFUNDS, INC., a California Corporation, and ICE FLEET LLC, a Delaware limited liability company, | |
| Defendants. | |

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Default Judgment Against Defendants Equifunds, Inc. ("Equifunds"), Ice Fleet LLC ("Ice Fleet"), and John David Gessin pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55-1 (the "Motion").  The Court having considered the Complaint, Motion, supporting Memorandum of Points and Authorities, supporting declarations and exhibits, and other evidence and arguments presented to the Court hereby **GRANTS** the SEC's Motion and orders that final judgment be entered as follows:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that John David Gessin is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) John David Gessin's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with John David Gessin or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that John David Gessin is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) John David Gessin's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with John David Gessin or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that John David Gessin is permanently restrained and enjoined from from, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer or sale of any security, provided, however, that such injunction shall not prevent John David

Gessin from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) John David Gessin's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with John David Gessin or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that John David Gessin is jointly and severally liable with co-Defendants Equifunds, Inc. and Ice Fleet LLC for disgorgement of $1,230,807, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $410,116. In addition, John David Gessin is liable for a civil penalty in the amount of $945,804 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(u)(d)(3)]. Defendant shall satisfy this obligation by paying the total amount for which he is liable to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John David Gessin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant

shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: January 20, 2026

_____
Hon. James V. Selna
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action.  My business address is:

SECURITIES AND EXCHANGE COMMISSION
100 F. Street N.E., Washington, DC 20549
Telephone No. (202) 551-5072

On this date, I caused to be served the document entitled **[PROPOSED] ORDER AND FINAL JUDGMENT AGAINST DEFENDANT JOHN DAVID GESSIN** on all the parties to this action addressed as stated on the attached service list:

☒    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare that the foregoing is true and correct.

Date: December 3, 2025                          */s/ Jennifer Farer*
                                                            Jennifer L. Farer

*SEC v. Gessin, et al.*
**United States District Court – Central District of California**
**Case No. 8:23−cv−00460−JVS−ADS**

SERVICE LIST

John David Gessin
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

Equifunds, Inc.
Attn: John David Gessin, President
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

Ice Fleet LLC
Attn: John David Gessin, Manager
28241 Crown Valley Pkwy., Suite F607
Laguna Niguel, CA 92677
carbonzero01@outlook.com
delivery0612@outlook.com

**Defendants[1]**

---

[1] The current address information for each Defendant was identified in the motion of Ms. Boris to withdraw as counsel for Gessin, Equifunds, and Ice Fleet. (*See* Dkt. No. 42.) Gessin subsequently requested that the SEC use the email address delivery0612@outlook.com for correspondence in this case.